**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

WISNEL SIMPRELUS,

Petitioner,

v.

LEONARD ODDO in his official capacity as Warden, Moshannon Valley Processing Center, ET AL.,

Respondents

3:26cv1848

ELECTRONICALLY FILED

**MEMORANDUM ORDER OF COURT GRANTING IN PART AND DENYING IN PART PETITIONER WISNEL SIMPRELUS'S PETITION FOR A WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241 (Doc. 1)**

Pending is Petitioner Wisnel Simprelus's Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. (Doc. 1).

## I. BACKGROUND

Petitioner filed his habeas petition on September 17, 2026. (Doc. 1).

On October 1, 2026, Respondents filed their initial response to Petitioner's habeas petition. (Doc. 7).

On October 6, 2026, Petitioner filed his reply to Respondents' initial response. (Doc. 8).

On October 22, 2026, counsel for Petitioner filed a letter with the Court addressing what had occurred at a bond hearing Petitioner had requested.

On October 23, 2026, the Court held a status conference; the transcript of the status conference has been filed (Doc. 11, Doc. 12).

On October 28, 2026, Respondents filed a supplemental response to Petitioner's habeas petition and Petitioner filed a Supplemental Authority in support of his habeas petition.

(Doc. 13, Doc. 14).

Accordingly, Petitioner's habeas petition has been thoroughly briefed and is ripe for adjudication.

## II. PARTIES' POSITIONS

Petitioner asserts in his habeas petition, and Respondents do not dispute, that Petitioner "is a citizen and native of Haiti who entered the United States under the Haitian parole program on October 10, 2023. He was paroled until October 8, 2025. After his arrival, he was granted work authorization, applied for Temporary Protected Status, and lived peacefully in New Jersey with his family members" until August 2026, when Petitioner "was detained by Immigration and Customs Enforcement ('ICE') pursuant to an arrest warrant under § 1226" and is "currently detained by Respondents at the Moshannon Valley Processing Center ('MVPC') pending removal proceedings. (*Id*. at 2).

Petitioner claims that his re-detention in August 2026 pursuant to 8 U.S.C. § 1225(b)(2), without any pre-detention or post-detention process, after being paroled in 2023, violates his rights under 8 U.S.C. § 1226 and the Fifth Amendment's Due Process Clause. (*Id*. at 21-23).

Petitioner's Prayer for Relief requests that the Court:

> 1) Assume jurisdiction over this matter;
> 2) Immediately enjoin Petitioner's transfer outside the Western District of Pennsylvania during the pendency of this action;
> 3) Declare that Petitioner's continued detention violates the Immigration and Nationality Act, the Administrative Procedure Act, 5 U.S.C. §706(2)(A); and/or the Due Process Clause of the Fifth Amendment to the U.S. Constitution;
> 4) Issue a Writ of Habeas Corpus, order Petitioner's immediate release from custody without imposing any new or additional conditions, order respondents to return all Petitioner's property that was seized at the time of detention, and enjoin Respondents from re-detaining Petitioner absent constitutionally adequate pre-deprivation due process in which Respondents bear the burden of proving he presents a risk of flight or danger, even after consideration of alternatives to detention that could mitigate any risk that Petitioner's release would present;

> 5) In the alternative, hold a custody hearing at which Respondents bear the burden of proving Petitioner presents a risk of flight or danger, even after consideration of alternatives to detention that could mitigate any risk that Petitioner's release would present;
> 6) Award Petitioner his costs and reasonable attorney fees in this action as provided for by the Equal Access to Justice Act, as amended, 5 U.S.C. § 504 and 28 U.S.C. § 2412, and on any other basis justified under law; and
> 7) Grant such further relief as the Court deems just and proper.

(*Id*. at 23-24).

In opposition to Petitioner's habeas petition, Respondents originally agreed that in light of the United States Court of Appeals for the Third Circuit's decision in *Buele Morocho v. Warden*, 189 F.4th 287 (3d Cir. 2026), mandatory detention pursuant to Section 1225(b)(2) does not apply to Petitioner and that he is entitled to a bond hearing pursuant to 8 U.S.C. § 1226(a) ("Section 1226(a)"). (Doc. 7 at 2).

Respondents further originally asserted: "in light of *Buele Morocho,* ICE conducted a custody determination and Petitioner elected to have an immigration judge review DHS's determination as reflected in the attached I-286 (Notice of Custody Determination) (Ex. 1)[, t]he Immigration Court scheduled a bond hearing for September 14, 2026. Ex 2 (Case Notice)[, and a]t the scheduled bond hearing, Petitioner's immigration counsel withdrew Petitioner's request for a bond hearing. Ex. 3 (IJ Order)." (*Id*.).

Finally, Respondents originally argued "the Court should deny the Petition as moot because Petitioner has access to an individualized bond hearing in the immigration court through administrative procedures, which he has failed to fully exhaust;" or alternatively, "the proper remedy would be for this Court to order an individualized bond hearing before an Immigration Judge." (*Id*. at 2, 5).

In his reply brief, Petitioner asserted:

> In their response filed on October 1, 2026, Respondents conceded that Mr. Simprelus is eligible for a bond hearing before the immigration court. ECF 7. Following this concession, Mr. Simprelus filed a motion requesting a bond hearing before the Elizabeth Immigration Court, which the immigration court has scheduled for October 21, 2026. *See Petitioner's Exh. G*. Nevertheless, Mr. Simprelus respectfully requests that this Court grant his habeas petition and order his immediate release.

(Doc. 8 at 1).

Alternatively, Petitioner requested that the Court "order the immigration court to conduct a bond hearing within seven days" since:

> Although a bond hearing has been scheduled for October 21, that does not guarantee that the immigration court will find it has jurisdiction over Mr. Simprelus's custody redetermination and actually conduct a hearing where it considers the merits of whether Mr. Simprelus is a danger and/or flight risk. An immigration court may still find it does not have jurisdiction because Respondents classified Mr. Simprelus as an "arriving alien" on the Notice to Appear. *See Petitioner's Exh. E*. In the scenario where the IJ finds it does not have jurisdiction, we would again seek relief before this Court. Such a process risks unnecessarily prolonging Mr. Simprelus's unlawful detention without a bond hearing. He has already been detained approximately two months.

(*Id*. at 2).

On October 22, 2026, counsel for Petitioner filed a letter with the Court in which she explained in relevant part:

> Following Respondents' response in this matter conceding that Mr. Simprelus is eligible for a bond hearing before the immigration court, Mr. Simprelus filed a motion requesting a bond hearing before the Elizabeth Immigration Court, which was scheduled for October 21, 2026. ECF 7; ECF 8. At the hearing, the attorney representing DHS argued that DHS is not a party in the habeas case and it did not concede jurisdiction, and that Petitioner is an arriving alien and therefore the immigration court did not have jurisdiction. The immigration judge agreed, finding it does not have jurisdiction over Mr. Simprelus's bond hearing because he is an arriving alien. *See Exh. H, IJ's Order.*
>
> As demonstrated, Respondents have been inconsistent in their position and treatment of Mr. Simprelus, resulting in him being already detained for over two months without a bond hearing. To remedy his unlawful detention, this Court

> should order his immediate release. *Guallpa Panza v Oddo*, 3:26-cv01562-DSC, ECF No. 12 (W.D.P.A. Sept. 14, 2026) (ordering immediate release where petitioner was not granted due process under §1226(a) at time of detention). In the alternative, this Court should conduct a bond hearing itself, as the immigration court has demonstrated it is not the appropriate court to consider the merits of Petitioner's bond request.

(Doc. 9 at 1-2).

In response to the letter, the Court ordered a status conference, which occurred on October 23, 2026. (Doc. 11). At the conference, Respondents explained that the Government's position with respect with Petitioner's entitlement to a bond hearing had changed, and Petitioner argued in support of his position that his detention is governed by Section 1226(a) because Petitioner was arrested in the interior after he had been living in the United States ("U.S.") and that the decision of the United States Court of Appeals for the Third Circuit in *Buele Morocho* supports his position. (Doc. 12 at 4-5). Ultimately, the Court ordered Respondents file a supplemental brief that set forth its new position as to Petitioner's detention.

On October 28, 2026, Respondents filed their supplemental brief. (Doc. 13).

In their supplemental brief, Respondents: (1) assert that Petitioner is an "arriving alien;" (2) define "arriving aliens" as "individuals who presented themselves at a port of entry without valid entry documents, were paroled into the country under 8 U.S.C. § 1182(d)(5)(A), and, after a passage of time, recently detained under 8 U.S.C. § 1225(b)(2)(A);" (3) acknowledge "that Courts in this District, including this Court, have rejected the government's reading and application of *Buele Morocho* in Arriving Alien cases and ordered individualized bond hearings under § 1226(a) to take place in the immigration court," (4) contend that Petitioner's detention is governed by 8 U.S.C. § 1225(b)(2)(A), such that his detention is mandatory at this juncture, and not Section 1226(a); and (5) posit that if the Court finds that Petitioner's detention is governed by Section 1226(a), the remedy is a bond hearing and not release. (*Id.*).

In its most recent filing, Petitioner brought to the Court's attention *Hyppolite v. Oddo*, Civ. No. 26-1736, 2026 WL 2949369 (W.D. Pa. Oct. 1, 2026), in which Petitioner asserts: (1) "the district court considered the Third Circuit's decision in *Buele Morocho v. Warden Philadelphia FDC*, No. 26-1150, 2026 WL 2546223 (3rd Cir. Aug. 28, 2026) and found that its reasoning applied;" and (2) "[t]he district court granted habeas relief in part, requiring that the petitioner "must receive an individualized bond hearing before a neutral immigration judge pursuant to 8 U.S.C. § 1226." (Doc. 14 at 1)

**III. FINDINGS AND RULINGS**

In *Buele Morocho v. Warden Philadelphia FDC*, 189 F.4th 287 (3d Cir. 2026), the Court of Appeals for the Third Circuit recently concluded, with respect to two (2) petitioners who had entered the U.S. without inspection years prior to their being detained by ICE in the interior of the U.S., that their detention was governed by Section 1226, and not Section 1225(b) because "§ 1225(b) governs noncitizens arriving to the United States whereas § 1226 governs those already within our borders." *Buele Morocho*, 189 F.4th at 299.

The Court finds that the reasoning and conclusions set forth by the Court of Appeals for the Third Circuit in *Buele Morocho, supra.*, are applicable to Petitioner, because Petitioner was detained in the interior of the U.S. in August 2026, and not when he arrived in the U.S. approximately three (3) years earlier, on October 10, 2023, and therefore, Petitioner's detention is governed by Section 1226(a), not Section 1225(b).

The Court further finds that because Petitioner's detention is governed by Section 1226(a), Petitioner's detention without a bond hearing violates his rights under Section 1226 and the Fifth Amendment's Due Process Clause.

The Court further finds that under the facts of this case, the appropriate relief in this case is a bond hearing pursuant to Section 1226(a), and not, as requested in Petitioner's habeas petition, either: (1) "immediate release from custody without imposing any new or additional conditions, order[ing] respondents to return all Petitioner's property that was seized at the time of detention, and enjoin[ing] Respondents from re-detaining Petitioner absent constitutionally adequate pre-deprivation due process in which Respondents bear the burden of proving he presents a risk of flight or danger, even after consideration of alternatives to detention that could mitigate any risk that Petitioner's release would present;" or (2) this Court "hold[ing] a custody hearing at which Respondents bear the burden of proving Petitioner presents a risk of flight or danger, even after consideration of alternatives to detention that could mitigate any risk that Petitioner's release would present." (Doc. 1 at 24).

Accordingly, the Court GRANTS Petitioner's habeas petition and ISSUES the writ on these terms: (1) Respondents shall cause Petitioner to be taken to a neutral immigration judge of the Executive Office of Immigration Review for an individualized bond hearing pursuant to Section 1226(a) to occur within 30 days of this order, or else release Petitioner by such date; (2) Respondents shall ensure that such a hearing includes the required due process, *i.e.*, at a minimum, factfinding based on a record produced before the decisionmaker and disclosed to Petitioner; an opportunity to make arguments on the Petitioner's behalf; and the right to an individualized determination of Petitioner's interests. *See Ghanem v. Warden Essex Cnty. Corr. Facility*, No. 21-1908, 2022 WL 574624, at *2 (3d Cir. Feb. 25, 2022); and (3) Petitioner shall be responsible for securing the necessary transcripts and record of the bond hearing. The Court trusts the immigration judge to comply with this order and ensure that Petitioner is provided due

process, and therefore, the immigration judge shall explain his or her individualized determination on the record. *See Kamara v. Atty Gen. of U.S.*, 420 F.3d 202, 212 (3d Cir. 2005).

Otherwise, Petitioner's habeas petition is DENIED, including to the extent that Petitioner seeks an order: (1) directing Respondents to release Petitioner; (2) ordering that this Court will hold a bond hearing; (3) enjoining Respondents from transferring Petitioner outside the Western District of Pennsylvania during the pendency of this action; (4) declaring that Petitioner's continued detention violates the Administrative Procedure Act, 5 U.S.C. §706(2)(A); (5) awarding Petitioner his costs and reasonable attorney fees in this action as provided for by the EAJA and 28 U.S.C. § 2412, or on any other basis justified under law; and (6) granting "such further relief as the Court deems just and proper." (*Id.*).

More specifically, this Court lacks jurisdiction to enjoin Respondents from transferring Petitioner out of the Western District of Pennsylvania during the pendency of these proceedings. Congress has vested the Secretary of Homeland Security and his/her delegates, such as United States Immigration and Customs Enforcement ("ICE") with the authority to detain aliens pending a decision on their removal proceedings. 8 U.S.C. §§ 1231(a)(2), 1226(a), (c)(1). And Congress has vested the Department of Homeland Security ("DHS") with the discretion to set the place of detention. 8 U.S.C. § 1231(g)(1); *Sinclair v. Att'y Gen.*, 198 F. App'x 218, 222 n.3 (3d Cir. 2006) (collecting cases). Within DHS' discretion is the authority to transfer aliens from one detention center to another. *Calla-Collado v. Att'y Gen.*, 663 F.3d 680, 685 (3d Cir. 2011). Reading § 1231(g)(1) together with Congress's limitations in 8 U.S.C. § 1252(a)(2)(B)(ii) on federal district courts' jurisdiction to review discretionary actions by DHS, federal district courts have concluded that they lack jurisdiction to review DHS' decisions under § 1231. *See, e.g., Jane v. Rodriguez,* Civ. No. 20-5922, 2020 WL 10140953, *1-2 (D.N.J. May 22, 2020) (citing

cases). Nor does the All Writs Act, 28 U.S.C. § 1651, provide the Court with jurisdiction to enjoin transfer. *Barrios v. Att'y Gen.*, 452 F. App'x 196, 198 (3d Cir. 2011) (jurisdiction-stripping provision in section § 1252(g) of INA, which is identical to jurisdiction-stripping language of §1252(a)(2)(B)(ii), is not superseded by All Writs Act).

Further, Petitioner's habeas petition does not contain any argument in support of his request that this Court declare that Petitioner's continued detention violates the Administrative Procedure Act, 5 U.S.C. §706(2)(A) ("APA"). Indeed, the only time Petitioner discusses the APA is in his request for relief. (*See* Doc. 1 *en toto*).

Finally, because the *Buele Morocho* decision addressed petitioners who were not identically situated to Petitioner and there is a split of authority amongst numerous other federal courts of appeal and district courts as to whether the detention of a petitioner similarly situated to Petitioner is governed by Section 1225(b) or Section 1226(a), the Court finds that Respondents' position was substantially justified in this case. Accordingly, no costs or attorney fees shall be awarded pursuant to the Equal Access to Justice Act, or otherwise.

SO ORDERED this 29th day of October, 2026.

s/Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc: All Registered ECF Counsel of Record